IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00865-LTB-BNB

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit Corporation,
LAURA HERSHEY,
ROBIN STEPHENS,
CARRIE ANN LUCAS,
HEATHER REBEKAH RENEE LUCAS, by and through her parent and next friend, CARRIE ANN LUCAS
ADRIANNE EMILY MONIQUE LUCAS, by and through her parent and next friend, CARRIE ANN LUCAS, and
DANIEL WILSON,

   Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
DENVER CENTER FOR PERFORMING ARTS, a Colorado non-profit Corporation,
OPERA COLORADO, a Colorado non-profit Corporation,
COLORADO BALLET COMPANY, a Colorado non-profit Corporation, and
COLORADO SYMPHONY ASSOCIATION, a Colorado non-profit organization,

   Defendants.

_____

### CONSENT PROTECTIVE ORDER
_____

Pursuant to Fed. R. Civ. 26 (c), with the consent of the parties, and to protect the confidentiality of certain information and documents, IT IS ORDERED:

1.      Confidential documents, materials and information that the parties produce in this case shall not be used, copied, or disclosed by the parties or their representatives for any purpose other than the litigation of this case, which includes preparation for trial and trial of this action.

2.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether obtained through discovery, by subpoena or by any other means, that are designated as "CONFIDENTIAL" by one or more parties. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.34. A draft or non-identical copy is a separate document within the meaning of this term.

3.      "CONFIDENTIAL" documents, materials and information include, but are not limited to **any of the following which have not previously been publicly or generally disclosed**:

(A)     Financial documents and information, including without limitation financial statements (audited and unaudited), income statements, loan applications or agreements, tax returns, profit and loss statements, balance sheets, general journals or ledgers, or accounts payable and accounts receivable reports;

(B)     Documents and information pertaining to a party's sales, profits, profit margins, prices, financial status, customer or client identities, prospective or potential customer identities, customer contracts or agreements, customer records, customer and employee surveys, marketing

or advertising plans or strategies, sales plans or strategies, business plans or strategies, or business surveys;

      (C)    Documents and information pertaining to a party's physical, psychological or mental status, tests, treatment or health, including without limitation medical records, charts, and reports;

      (D)    Documents and information pertaining to a party's insurance policies;

      (E)    Employee and personnel files and records, including without limitation performance evaluations and other records of job performance, records of disciplinary actions, records of performance or merit awards, records of employee wages, salaries, and bonus payments, and records that are required by law to be maintained with regard to employees; and

      (F)    Records, minutes, agenda, memoranda, notes and other documents relating to board meetings, board committee meetings, or staff meetings.

      4.    A party shall mark or designate as "CONFIDENTIAL" all documents and information that are confidential that the party, in good faith, maintains constitute confidential information (hereinafter collectively referred to as "Confidential Information"). Documents are designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel of the party producing documents. Confidential Information shall be information that, if disclosed, would compromise the legitimate privacy interests of any party or that constitutes a trade secret or other confidential research, development, or commercial

information.

      5.      Confidential Information shall not, without the consent of the party producing it or further order of the Court, be disclosed *except that* such information may be disclosed to:

      (A)      Attorneys who are actively working on this case;

      (B)      Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

      (C)      The parties;

      (D)      Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

      (E)      The Court in this case and its employees ("court personnel");

      (F)      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

      (G)      Deponents;

      (H)      Witnesses and potential witnesses;

      (I)      Other persons by written agreement of the parties;

      (J)      The Confidential Information's author, addressee, or anyone who received the information prior to this case being filed; and,

      (K)      Any person who is the subject of the Confidential Information.

      6.      Prior to disclosing any Confidential Information to any person listed above (other

than counsel, persons employed by counsel, court personnel, stenographic reporters, and the parties), the parties shall provide such person with a copy of this Order and obtain from such person a written acknowledgment stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for such review.

7. Confidential Information that any party seeks to file with the Court should be filed under seal in accordance with D.C.COLO.LCivR 7.3, D.C.COLO.LCivR 10.1L, and District of Colorado ECF Procedures, Section VI.A. All references to Confidential Information made in any court filing or at any oral argument or hearing shall not disclose the substance of the Confidential Information, but shall be filed under seal in accordance with D.C.COLO.LCivR 7.3, D.C.COLO.LCivR 10.1L, and District of Colorado ECF Procedures, Section VI.A.

8. Confidential Information disclosed during a deposition may be designated as confidential and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as confidential after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular documents or information as Confidential Information by giving written notice to the party designating the disputed

information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion, within ten days thereafter, requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is filed timely, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. Within 120 days of the conclusion of this case, unless other arrangements are agreed upon, in writing, each document and all copies thereof that have been designated as confidential shall be returned to the party that designated it confidential, or the parties may elect to destroy confidential documents; provided, however, that counsel for each party may retain one copy of the confidential documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy confidential documents, the destroying party

shall provide all parties with an affidavit confirming the destruction.

11.     Notwithstanding anything to the contrary, all evidence objections concerning the Confidential Information subject to this Order are reserved and not waived by any terms of this Order.

12.     This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated March 8, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Denver:13668.1